UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-MJ-229-ZMF |
| v. : | |
| : | |
| ZACHARY WILSON, : | |
| : | |
| Defendant. : | |

**MOTION TO CONTINUE PRELIMINARY HEARING
AND TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT**

Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3161 (The Speedy Trial Act), the undersigned Assistant United States Attorney respectfully moves this Court to enter an order on the docket continuing the preliminary hearing and extending the 30-day time period for filing of the indictment until July 19, 2021 as per the oral ruling by Magistrate Judge Robin M. Meriweather during an initial appearance held May 21, 2021. Good cause exists that the indictment return date and the preliminary hearing date be continued at least until July 19, 2021 and that time be excluded from the Speedy Trial clock for the reasons stated herein.

1. On February 12, 2021, the defendant was charged in a criminal complaint with knowingly entering or remaining in any restricted Capitol building or grounds without lawful authority in violation of 18 U.S.C. § 1752(a)(1) and (2).

2. The defendant was arrested in Western District of Missouri where he appeared for his initial appearance on February 19, 2021. Wilson was released with pretrial conditions.

3. The defendant appeared before Judge Robin M. Meriweather on May 21, 2021 for an initial appearance and Rule 5 hearing. At the hearing, the defendant waived the Rule 5.1 time for a preliminary hearing. Judge Meriweather ordered that the speedy trial clock would be tolled at the request of the parties. Finally Judge Meriweather scheduled the case for a preliminary

hearing on July 19, 2021, at 1:00 p.m.  However, this was not documented on the docket as of the time of this filing.

    4.      This is the second request for extension of time.

    5.      Without a continuance or extension, preliminary hearings must be held within 21 days of the initial appearance if the defendant is not in custody.  Fed. R. Crim. P. 5.1(c).  Moreover, without an extension, an indictment or information must be filed within 30 days of the arrest.  18 U.S.C. § 3161(b).

    6.      Continuances of preliminary hearings may be granted with the defendant's consent upon a showing of good cause, taking into account the public interest in the prompt disposition of criminal cases.  Fed. R. Crim. P. 5.1(d).  Moreover, the Speedy Trial Act permits the Court to extend the 30 day period between arrest and indictment if it finds that it would be unreasonable to expect the return within 30-days or because the facts upon which the grand jury must base its determination is unusual or complex.  18 U.S.C. § 3161(h)(7)(B)(iii).

    7.      The United States submits that there is good cause to continue the preliminary hearing, to extend the time for filing the indictment, and to exclude the delay from the Speedy Trial computation on a number of bases.

    8.      The United States submits that the ends of justice served by a continuance and extension outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161 (h)(7)(A). The government and counsel for the defendant have conferred and are continuing to communicate in an effort to resolve this matter.  The current restrictions on counsel, particularly those impacting counsel's ability to communicate witnesses and the pandemic, have slowed this process.

a. As part of the "ends of justice" analysis the Court considers, "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). In this case, it would be unreasonable to expect adequate preparation for a preliminary hearing within the statutory timeframe. The United States has diligently been working to collect, review, and process the massive amount of discovery generated from the January 6th riot cases. However, the case presents significant logistical complexity, and the United States is considering additional possible charges beyond those contained in the complaint. Specifically, this case involves hours of video footage; many different witnesses; and large amounts of records from various sources. Given the complexity of the case, the number of witnesses, the United States requests an additional continuance so both parties can be prepared for the upcoming hearing. Further, the parties are in the process of negotiating, and the additional time that has been requested would facilitate possible pre-indictment resolution of these charges.

b. For the same reasons outlined above, the delay in filing the indictment is also justified, as it would be unreasonable to expect the return and filing of the indictment within the period specified in section 18 U.S.C. § 3161(b) (within 30 days) because the facts upon which the grand jury must base its determination are unusually complex. *See* 18 U.S.C. § 3161(h)(7)(B)(iii).

c. Finally, requiring a preliminary hearing as currently scheduled would deny counsel for the defendant and the undersigned attorney for the United States the reasonable

time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161 (h)(7)(B)(iv).  Failure to grant the continuance of the preliminary hearing and the extension of the time for indictment would be likely result in a miscarriage of justice. 18 U.S.C. § 3161 (h)(7)(B)(i).

9. Mr. Wilson will not be prejudiced by the requested continuance and extension in that he is not in custody and agreed in Court that the time between his last appearance and the preliminary hearing and indictment return date of July 19, 2021 should be excluded under the Speedy Trial Act.

10. The United States, therefore, respectfully request that the preliminary hearing and the date by which an information or an indictment must be filed be continued until July 19, 2021. The United States submits that "the ends of justice served by the granting of such continuance [will] outweigh the best interests of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A), and the United States requests an order to that end.  Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3161, the time from this filing and the new hearing date, shall be excluded in computing the date for speedy trial in this case.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By:   /s/ *Jacob J. Strain*
JACOB J. STRAIN (UT#:12680)
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(801) 524-5682 | Jacob.Strain@usdoj.gov

4